UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL GEE,

    Plaintiff,

  v.

THE SALVATION ARMY,

    Defendant.

Case No. C05 5153FDB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    Before the Court is the motion of Defendant The Salvation Army to dismiss the Complaint of Plaintiff Mitchell Gee on the grounds that it is time barred. The Court, having considered the motion, Plaintiff's opposition, and the balance of the record, finds, for the reasons set forth herein, that the motion to dismiss shall be granted.

I.

    Plaintiff alleges that after he reported a sexual harassment complaint to Defendant's human resources director, Defendant retaliated by terminating him on September 10, 2003. On May 11, 2004, Plaintiff filed a Charge of Discrimination with the EEOC alleging violation of Title VII of the

ORDER - 1

1  Civil Rights Act of 1964, as amended.[1]

2                                                            II.

3       Under Fed.R.Civ.P. 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In determining a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957); Parks, 51 F.3d at 1484.

     Before bringing a judicial action under Title VII, a plaintiff must first exhaust his administrative remedies by filing an appropriate charge with the EEOC. *Nishimoto v. Feederman-Bachrach Assoc.*, 903 F.2d 709, 716 (9th Cir. 1990). Title VII requires claimants to file a charge of discrimination with the EEOC within 180 days of an act of discrimination. 42 U.S.C. § 2000E-5(e). If the aggrieved party initially files his charge with an appropriate state agency, he has 300 days from the date of the discriminatory act, or 30 days from receiving notice that the state agency has terminated proceedings, whichever is earlier, to file his charge with the EEOC. *Kirk v. Rockwell Intern. Corp.*, 578 F.2d 814, 818 n. 13 (9th Cir. 1978); *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 n. 1 (9th Cir. 1990). The deadline is also extended from 180 days if the EEOC defers a charge to a state agency pursuant to a worksharing agreement. *Mohasco Corp. v. Silver*, 477 U.S. 807, 816, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *EEOC v. Commercial Office Products Co.*, 881 F.2d 1504, 1510 (9th Cir. 1989).

---

[1] The Court has considered Plaintiff's EEOC Charge, which is alleged in his Complaint, although not physically attached to it, *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002), and upon which Plaintiff relies. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

ORDER - 2

III.

In this case, it is undisputed that Plaintiff did not initially file his charge with a state agency nor is there an allegation or evidence that the EEOC deferred his charge to a state agency pursuant to a worksharing agreement. Instead, Plaintiff's Complaint and the EEOC Charge establish that he first filed his charge of discrimination with the EEOC. Thus, Plaintiff was required to file his charge with the EEOC within 180 days of the alleged discriminatory act. Plaintiff did not file his charge with the EEOC until May 11, 2004, 244 days after the alleged retaliatory discharge, which Plaintiff claims occurred on September 10, 2003. That is 64 days beyond Title VII's 180 day statutory limitations period and, therefore, Plaintiff's claims are time-barred.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss (Dkt.# 8) is **GRANTED**; and

(2) Plaintiff's case is **DISMISSED, with prejudice.**

DATED this 13th day of May, 2005.

*/s/ Franklin D. Burgess*
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE